Beck, J.
l. Practice: discretion: continuance: amendment: evidence. I. At the trial, and before the jury was called, defendant’s attorney asked for time to make an application for a continuance, on account of the absence ~ - » - - • oí defendant, who was a material witness m _. , . ins own behalf. N o cause was assigned for defendant’s absence, but the attorney expressed his belief that he was detained by sickness or unavoidable accident. *79 The request for time was denied by the court. During the progress of the trial, and after the plaintiff had introduced all its evidence, the defendant asked leave of the court to amend his answer by adding thereto a denial of his signature, and an averment that the note is a forgery. The amendment was not allowed.
After the evidence on both sides had been all introduced, the defendant was offered as a witness in his own' behalf. The defendant, up to this time, had not been in court, and, as a foundation for the request to be permitted to testify, made affidavit that several days before the day of trial he had been in attendance upon the court; that he had gone home two days previous to the trial, and was prevented returning on the day previous by the sickness of a valuable horse. The affidavit proceeds in the following words: “ By reason of the sickness of said horse, I was up most of last night; that I left home this morning, Saturday, about eight o’clock a. m., as soon as a heavy rain had somewhat subsided, and used all diligence to reach Washington before said case should be called, and arrived at Washington, the place where said court was being held, about twelve o’clock H, The roads were very muddy and slippery, and I was compelled to travel slow. I live a distance of sixteen miles from Washington. I used all diligence to reach the court in time for the trial of said cause, and would have testified to the facts contained in my answer.” The court did not permit the defendant to testify.
. It is insisted that the several rulings above stated are erroneous, in that they are an abuse of the discretion of the court, which should have been exercised differently in each instance.
The rulings complained of rested in the sound discretion of the court, and, while we would unhesitatingly correct an abuse of that discretion, we are not prepared to hold that it is made so to appear to us, We must exercise pre *80 sumptions in favor of the correctness of the rulings of the court below, and this rule is especially applicable to those questions of practice which are ever occurring, and depend for their solution upon the discretion of the -court. The judge presiding at the trial has before him the parties, the witnesses and the attorneys; he is presumed to know something of the aims and designs which prompt the particular course of each, and is expected to exercise that knowledge in the decision of such questions. We are deprived of that source of knowledge, and cannot determine that, in its exercise by the court below, justice has not been attained. In order to authorize us to interfere in such cases, it must appear that, under all the conditions of the question, which we may reasonably presume were in fact presented to the court below, the ruling complained of is contrary to justice and the law. The record does not lead us to that conclusion in this case.
It will be observed that the reasons given by defendant for his absence at the trial are not sufficient to authorize the conclusion that it was unavoidable,'and that, by the use of proper diligence, he could not have been there.
2. Evidence : promissory signature. II. The following instructions given by the court, upon request of plaintiff are complained of as erroneous:
1. “ The answer in this cause, not denying on genlliness 0f the signature, the same is thereby, under the law, admitted as genuine, and this is not a question by you to be determined.”
This instruction is correct. There was no issue as to the signature; it was not and could not have been denied by the evidence.

3._interrog-atories.

2. “ The questions put to plaintiffs by defendant, and the answers to the same are a part of the evidence in the case and should be so considered by you.”
Interrogatories were propounded by defend;ant in- his answer, which were replied to by one of the officers of plaintiff. The answers may be read by either *81 party as a deposition; Revision, § 2985. The defendant’s objection to this instruction is, that the questions as well as the answers were, under it, regarded as evidence. This may be correct as a verbal criticism upon the language of the instruction, but its meaning is obvious, viz., that whatever is said by defendant in answer to the questions is to be considered as evidence. It may have been unintelligible without the questions eliciting the answers. It was proper to read both to the jury and it is no very grave error in language to say, that the questions and answers are to be considered as evidence.
4. iiisiHTjcition * refusai.' III. The defendant asked the court to instruct the jury substantially that, as he had denied under oath plaintiff’s ownership of the note, the burden of proof is on plaintiff to show its ownership, and that the answers of plaintiff’s officer to the interrogatories propounded in the answer áre not conclusive. The instructions to this effect were refused. While they are unobjectionable in substance, it was not error to refuse them, as the jury had been directed to the same effect in instructions given by the court on its own motion.
We are of the opinion that no error appears in the record. The judgment of the circuit court is, therefore,
Affirmed.